# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **GILBERT DEVON MELVIN,** ) | |
| ) | |
| Plaintiff,  ) | Case No. 7:20CV00322 |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| ) | |
| **WARDEN BRECKON, ET AL.,**  ) | By:  James P. Jones |
| ) | United States District Judge |
| Defendants.  ) | |

*Gilbert Devon Melvin, Pro Se Plaintiff.*

The plaintiff, Gilbert Devon Melvin, a federal inmate proceeding pro se, filed this civil rights action against federal prison officials, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Melvin alleges that the defendants used excessive force against him or failed to intervene during such incidents to protect him. Melvin has also filed a motion seeking preliminary injunctive relief. After review of the record, while I sympathize with Melvin's fears and pain, I conclude that his motion must be dismissed as moot.

Melvin's claims in the Complaint concern events that occurred in July and December of 2018, when he was incarcerated at the United States Penitentiary in Lee County, Virginia ("USP Lee"). According to Melvin, he was thereafter transferred to the USP Thompson and then to USP Allenwood in Pennsylvania,

where he is currently confined.  The defendants Melvin identifies were all employees at USP Lee during the period when his claims arose, and he offers no evidence that any of them is currently employed at USP Allenwood.

In Melvin's motion, he describes the injuries and mental health conditions he allegedly suffered from the two incidents at USP Lee in 2018.  He asserts his belief (with no facts offered in support) that unspecified staff members at USP Allenwood are somehow functioning as agents for unnamed defendants.  Thus, he contends, he will suffer irreparable harm unless the court directs Allenwood medical personnel to order specific care for Melvin and adequately address his "ungodly spinal cord pain."  Mot. Prelim. Inj. 2, ECF No. 5.  He fears that without such treatment, he will be paralyzed.

Based on the foregoing, it is evident that the defendants in this case, who are employed at other prisons and have no medical expertise, cannot be ordered to provide Melvin the medical care requested in his motion.  *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that transfer of a prisoner rendered moot his claim for injunctive relief).  Accordingly, it is **ORDERED** that the motion, ECF No. 5, is DISMISSED as moot.  Melvin may pursue a similar motion in a new *Bivens* action filed in the federal district court where USP Allenwood is located.

        ENTER:   November 13, 2020

        /s/  JAMES P. JONES
        United States District Judge