01/13/2021

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 25 2021

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

_____
Assigned Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

For use by inmates filing a complaint under **CIVIL RIGHTS ACT, 42 U.S.C. §1983 or BIVENS v. SIX UNKNOWN NAMED AGENTS OF FED. BUREAU OF NARCOTICS, 403 U.S.C. §388 (1971)**

Gilbert Devon Melvin
Plaintiff full name

17557-056
Inmate No.

v.

CIVIL ACTION NO. 7:20 cv 00322

Warden Breckon Et., Al — Captain Phelps, Lieutenant Erskine,
Defendant(s) full name(s)

Lieut. LeDevine, Lieut. Briggs, P.A. Caudill, Psych Miss Babanew, Officer Bates, Officer Owens, Officer Stapleton(1), Officer Stapleton(2), Officer Mitchell, Officer Gilbert, Six Unknown Staff. — See Attatchment pg: 1 of 6 ...

A. Current facility and address: United States Penitentiary Allenwood P.O. Box 3000 White Deer, PA 17887

B. Where did this action take place? United States Penitentiary Lee County

C. Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

✓ Yes ____ No

If your answer to A is Yes, answer the following:

1. Court: US District Court Western District of Virginia

2. Case Number: 7:20 cv 00322

D. Have you filed any grievances regarding the facts of this complaint?

✓ Yes ____ No

1. If your answer is Yes, indicate the result:

Negative/Careless

2. If your answer is No, indicate why:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN District OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GILBERT DEVON MELVIN PLAINTIFF, | JURY TRIAL DEMAND |
| V | AMENDMENT |
| WARDEN BRECKON, CAPTAIN PHELPS, LIEUTENANT ERSKINE, LIEUTENANT LEDEVINE, LIEUTENANT BRIGGS, PHYSICIAN ASSISTANT CAUDILL, PSYCHOLOGY MISS BABANEW, OFFICER BATES, OFFICER OWENS, OFFICER STAPLETON(1), OFFICER STAPLETON (2), OFFICER MISS MITCHELL, OFFICER GILBERT, AND SIX OTHER UNKNOWN STAFF, DEFENDANTS | CASE NO. 7:20cv00322 |

This Amendment is as ordered by the
Court NAME ALL defendants AND their Roll
through Amended statement of Facts/claims
For violating plaintiff's civil Rights... Bivens
V. Six UNKNOWN Agents of Fed. Bureau of Narcotics,
403 USC §388 (1971)

PAGE 1 OF 6

01/13/2021

E.  Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes.** If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

PLEASE SEE Attatchments pages 2-3-4-5-6

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:

PLEASE SEE Attatchments pages 2-3-4-5-6

F.  State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

300,000 compensentory /1,000,000 punitive & Fire & Charge All defendants

G.  If this case goes to trial do you request a trial by jury?    Yes ✔    No _____

H.  If I am released or transferred, I understand it is my responsibility to immediately notify the court <u>in writing</u> of any change of address after I have been released or transferred or my case may be dismissed.

DATED: 1-20-2021    SIGNATURE: Gilbert Devon Melvin

VERIFICATION:
I, Gilbert DEVON MElviN , state that I am the plaintiff in this action and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED: 1-20-2021    SIGNATURE: Gilbert Devon Melvin

## Facts

On 7-13-2018, the plaintiff, Gilbert Devon Melvin, was intercepted along with another inmate on their way to Friday Sabbath service. They were locked inside a holding cage in the lieutenant's office and remained there until their Sabbath service and dinner was over.

(2) After being released, the plaintiff was solely taken to see lieutenant Earskin who, made several antireligious comments to offend the plaintiff. Lieutenant Erskine also stated that Lee County (USP) was not weak like Victorville (USP) and then threatened to "get" the plaintiff.

(3) On 7-13-2018, after being threatened and sent back to his housing unit, the plaintiff emailed the Department of Justice/PREA and told them that he had just been threatened and that he believed the threat to be imminent.

(4) Twenty-four hours later, on 7-14-2018, after returning from recieving dinner trays, the plaintiff discovered that his cell door had been locked by an officer J. Roberts who, would claim that he had found two homade knives (shanks) in the cell. The plaintiff and his cellmate, Fredriquious Wise # 32765-171, were both taken to the Segregation Housing Unit (SHU).

(5) After being placed in a cell, the plaintiff immediately told officer Bates that he was going on a hunger-strike because he had been "set-up," and that he, "hadn't been in possession of a weapon for nearly 10 years."

(6) Officer Bates removed the plaintiff from the cell while he remained in black box handcuffs behind his back. He was locked in a small holding cell beside the entrance to the officer's control booth where he was approached by lieutenant LeDevine, officer Bates, officer Gilbert, officers Stapleton (1 and 2) and officer Mrs. Mitchell (as well as several other unknown officers). These officers did open the holding cage and phusically assault the plaintiff by kicking, punching and stomping him in the face, body and legs while he was handcuffed behind his back. Officer Owens did participate in this assault as well.

(7) The plaintiffs clothing was torn from his body and he was hand-dressed by Officer Bates, Officers Stapleton (1 and 2) (and others) in orange latex panties and a blue paper jumpsuit. He was was then put in ambulatory restraints. The blackbox handcuffs were squeezed as tight as possible to cut into his wrist. The shackles squeezed to cut into his achilles and the belly chain pulled as tight as possible making it very difficult for the plaintiff to breath.

(8) The plaintiff's panties were wedged between his rear and he was taken to an observation where to cell where he was repeatedly beaten while in ambulatory restraints. The plaintiff screamed and urinated on himself during these beatings which occured near every thirty minutes for five or six times throughout the night. "All" officers named as defendants in this case did partake in multiple assaults.

(9) On 7-15-2018 the next morning, Lieutenant Erskine came in the observation cell with several officers and stated to the plaintiff — " I told you I was going to get you. You think it's over?.... It just got started you son-of-a-bitch. Lieutenant Erskine then told an officer to " go get the yellow chair, strap his ass in and haul him upstairs.

(10) The plaintiff was strapped in a yellow chair, carried upstairs and four-pointed to a concrete slab (hand and ankles with blackbox handcuffs) by lieutenant Erskine and several other officer (many unknown officers). These handcuffs were again squeezed to cause the plaintiff as much pain as possible and cutt in his flesh. The handcuffs were then ajusted to turn his wrist outward in a more painful angle and strapped with a pair of plastic zip cuffs to hold them there by lieutenant Erskine.

(11) Lt. Erskine punched the plaintiff in the face several times while other unknown officer punched him in the body and elbowed him in the solarplexis.

(12) Later throughout the day and night, the plaintiff was repeated beaten and tortured by segregation housing Lieutenant Briggs, Officer Stapleton(1), Officers Bates, Officer Gilbert, Officer Mrs Mitchell, Officer Owens and several other unknown officers. Hair was pulled out of the plaintiff's beard. Water was poured up his

NOSE. HE WAS REPEATEDLY ELBOWED to the SOLARPLEXIS AND FACE, AND he WAS PUNCHED iN the testicles SEVERAl times UNtil they BECAME VERY SWOllEN AND he literAlly URiNAtED PURE blood.

(13) THE plaintiFF WAS visitED by CAptAiN Phelps ON two SEPERAtE OCCASSIONS with lieutENANt BRiggs AND SEVERAl OtHER OFFicERS. The First visit, CAptAiN Phelps bRAGgED About how MANY pRisoNERS he had doNE this WAY AND told the plaintiFF thAt he would bE his last bEFoRE he lEFt. CAptAiN Phelps mAdE SEVERAl threAts to the plaintiFF, including to "buRst A pepperbAll" iN his EYES.

(14) THE plaintiFF WAS Also visitED by psychology Miss BAbANEW AND SEVERAl UNKNOWN OFFicERS while he REmAiN FouR-pointED. Miss BAbANEW ASKED the plaintiFF SEVERAl questioNS bEFoR AN OFFicER puNchED him iN the FACE AND CAUSE him to cRY out. Miss BAbANEW told the plaintiFF to "CAlm dowN." The plaintiFF ASKED how could he CAlm dowN while theyRE bEAtiNG him. THE plaintiFF told psychology Miss BAbANEW thAt he had URiNAtED blood AND his testicles WERE SWOllEN bECAUSE he had bEEN puNchED thERE. At thAt momeNt, the plaintiFF WAS puNchED iN the FACE SEVERAl times AND told to, "shut up!"

(15) AFtER dAYS oF being toRtuRED, CAptAiN Phelps visitED the plaintiFF FoR A SECoND time. HE told the plaintiFF thAt he WAS WEAK AND VictoRVille (USP) WAS WEAK FoR lEttiNG the plaintiFF "get AWAY with A HuNgER-stRiKE." CAptAiN Phelps stAtED the good NEWS WAS, he WAS FiNishEd with the plaintiFF hERE, but he would bE WAitiNG FoR him At the NEW (AUSP) Thomson AND they could "stARt All ouER AgAiN.

(16) ON oR About the moRNiNG oF 7-16/17-2018, the plaintiFF WAS REmovED FRom FouR-point REstRAiNts AND AgAiN put iN AmbulAtoRY REstRAiNts As tight As possible FoR SomE houRs. WHEN FiNAlly REliEvED FRom REstRAiNts AND tAKEN bACK to the REgulAR SHU cEll, the plaintiFF hAd to lAy oN A cold stEEl buNK with No mAtRESS All dAY AND iNto thE Night. THE plaintiFF's cEll mAte WAS FEd AiNd the plaintiFF's Food tRAY WAS sAt oN the outsidE oF the cEll oN thE FlooR by oFFicER BAtES.

- PAGE 4 oF 6

(17) For months after being tortured, many of the plaintiffs administrative remedy complaints "disappeared." Many staff threatened and harrassed the plaintiff and also would openly call him a switch. Many staff told the plaintiff that he would "get the same thing" once he arrived at Tomson (AUSP). The plaintiffs complaints of abuse/torture by staff were ignored by Warden Breckon on administrative walk through. The plaintiff's complaints were also ignored by psychology Miss Babanew.

(18) The plaintiff was refused his legal right to the law library for months. However, at first chance, and only because a fuse had blown and there was nowhere else to put him and his cellmate (Anthony Bridgewater #06755-017) except in the law library, the plaintiff emaild the DOJ/PREA about the abuse/torture he'd suffered. This e-mail was on or about 10-2-2018. Then later, during a video hearing/interview for supermax unit, 11-9-2018, the plaintiff again repeated to regional staff on video the torture he had suffered.

(19) While in four-point restraints, the plaintiff was also seen several times physician assistant Caudill and beg him for help. PA Caudill ignored the plaintiffs complaints and did not respond or try to help. PA Caudill did watch the plaintiff being beaten on several occassions.

(20) It is a matter of record... For great fear of threats made by Captain Phelps and other officers who, were or were not, transfered to AUSP Tomsom (supermax), the plaintiff did hang himself in attempt to take his own life rather than be tortured again. This incident did occur in Oklahoma Transit Center on his way to AUSP Tomson supermax. The plaintiff has also, for matters directly related to this case, been seen extensively by

head psychologist At AUSP Tomson (supermax)
And USP Allenwood. The plaintiff has been on
suicide watch numerous times. He suffers from
Major Depression Disorder. He takes medication
For Depression. The plaintiff has cut his wrist,
swallowed pills and thinks about suicide all
the time. Then also, the plaintiff suffers from
incredible pain in his lower spinal cord, cannot
plant his left foot with confidence because of
damage to his Achilles. The plaintiff has been
wheelchair bound as a result of injuries
involving this case.

PAGE 6 OF 6

Gilbert D. Melvin 17557-056
United States Penitentiary
P.O. Box 3000
White Deer, Pa
(BN)    17887

JAN 2 1 2021

LEGAL Mail



Mailed From US Penitentiary

United
OF
210 FRA

7020 1810 0



States District Court
Fice of the Clerk
nklin Rd., RM 540
ROANOKE, VA
         24011-2208